# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILADELPHIA'S CHURCH OF OUR SAVIOUR, | : |
| : | |
| Plaintiff, | : CIVIL ACTION |
| : | |
| v. | : NO. 03-1766 |
| : | |
| CONCORD TOWNSHIP, *et al.* | : |
| : | |
| Defendants. | : |

## MOTION OF COUNSEL FOR PLAINTIFF PHILADELPHIA'S CHURCH OF OUR SAVIOUR FOR LEAVE TO WITHDRAW

Sprague & Sprague (hereinafter "Movant"), counsel for Plaintiff, Philadelphia's Church of Our Saviour (hereinafter "Plaintiff"), hereby moves this Honorable Court for an Order granting it leave to withdraw as counsel in this matter, and in support thereof avers as follows:

1.    In December 2002, Plaintiff retained the services of Movant to pursue a lawsuit against Concord Township ("the Township") and/or its various officials arising from the Township's rejection of the Plaintiff's request for a building permit to construct a temporary sanctuary.

2.    On December 13, 2002, Plaintiff executed a retainer agreement with Movant that set forth the terms and conditions of the attorney-client relationship.

3.    The agreement provides, *inter alia*, that Plaintiff agrees to pay each month upon receipt all bills for attorneys' fees and expenses. The agreement also provides:

> It is agreed that the Church's payment of the fees and/or expenses billed to the Church by the firm is a material term of this agreement, and further that the failure to pay the fees and/or expenses constitutes a breach of this agreement. If at any time during the representation, the Church fails to pay the fees and/or expenses due to the firm within 15 calendar days from the receipt of the bill, the firm shall have at its sole discretion the right to terminate the representation, and the Church agrees that it will not oppose the firm's withdrawal from representation.

4. On or about June 15, 2004, Movant sent to Plaintiff Movant's monthly invoice for attorneys' fees and expenses incurred in May 2004. The June 15, 2004 invoice has not been paid by Plaintiff, in whole or in part.

5. On or about July 15, 2004, Movant sent to Plaintiff Movant's monthly invoice for attorneys' fees and expenses incurred in June 2004. The July 15, 2004 invoice has not been paid by Plaintiff, in whole or in part.

6. By letter dated July 20, 2004, and faxed to Plaintiff that day, Movant advised Plaintiff of Movant's intention to invoke the above-quoted provision of the retainer agreement and move to withdraw as counsel if payment was not forthcoming. In response to this letter, Plaintiff requested a meeting with Movant, which meeting was held August 2, 2004.

7. At the meeting of August 2, 2004, Movant again advised Plaintiff of Movant's intention to move to withdraw as counsel if payment was not forthcoming.

8. At the meeting of August 2, 2004, Plaintiff advised Movant that it was undecided as to whether it would continue with Movant as its counsel in this case, and promised to advise Movant, not later than August 6, 2004, whether it would continue with Movant as its counsel. Plaintiff did not advise Movant by August 6, 2004 of its decision with regard to continuing with Movant as its counsel, and has not thereafter advised Movant of its decision.

9. At the meeting of August 2, 2004, Plaintiff promised Movant that, regardless of its decision on whether to continue with Movant as its counsel, Plaintiff would definitely pay the outstanding invoices in full not later than August 13, 2004. Plaintiff has not made any payment of any portion of those invoices, notwithstanding that the August 13, 2004 date has passed.

10. Plaintiff has failed to pay any portion of the June 15, 2004 and July 15, 2004 invoices, and Plaintiff is currently indebted to Movant and overdue in payment in the amount of those invoices, a total of $172,637.82. In addition, Movant has incurred additional fees and expenses in this representation in July and August 2004, which fees and expenses have not yet been billed to Plaintiff.

11. On the morning of August 13, 2004, Movant placed calls to four executives of the the Church, and a further call was placed in the afternoon of August 13, 2004, and in each case a message was left for the person called, requesting that they call Movant. None of those calls was returned, creating the inevitable inference that Plaintiff is avoiding Movant and that Plaintiff is avoiding its monetary obligations to Movant.

12. A copy of this Motion is being served upon the Plaintiff *via* hand delivery on this 16th day of August, 2004.

13. At all times material hereto, Movant has fulfilled the terms and obligations of the agreement with the Plaintiff. Since filing suit against the defendant Township on March 24, 2003, Movant has diligently prosecuted this lawsuit and pursued discovery on Plaintiff's behalf. Movant has both produced and obtained in discovery thousands of pages of documents, taken and defended over a dozen depositions, and retained several expert witnesses.

14. Local Rule 5.1(c) provides that an attorney's appearance may not be withdrawn except upon leave of court. In this case, the Commonwealth's Rules of Professional Conduct apply with regard to the ethical issues raised by this Motion. *See* Local Rule 83.6, Rule IV.B. ("The Rules of Professional Conduct adopted by this court are the Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania.")

15. Pennsylvania's Rules of Professional Conduct provide in pertinent part that "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client," *or*

> (1) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; or
>
> (2) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.

Rule of Professional Conduct 1.16(b)(4), (5).

16. Accordingly, under the Rule provisions cited above, this Court is authorized to grant this motion for leave to withdraw, in that (a) withdrawal can be accomplished without material adverse effect on the interests of the client, (b) the Plaintiff has failed substantially to fulfill an obligation to the undersigned regarding the lawyer's services and has been given reasonable warning that the undersigned will withdraw unless the obligation is fulfilled, and/or (c) the representation will result in an unreasonable financial burden on Movant or has been rendered unreasonably difficult by the Plaintiff. *See, e.g., White Consolidated Industries, Inc. v. Island Kitchens, Inc.*, 884 F.Supp. 176 (E.D. Pa. 1995)(granting petition to withdraw due to client's failure to pay unpaid balance); *Crestar Mortgage Corporation v. Peoples Mortgage Co.*, 1995 WL 695093 (E.D. Pa. Nov. 15, 1995)(same).

17. The Plaintiff has been on notice for several weeks of Movant's intent to withdraw if Plaintiff's default was not promptly cured, and Plaintiff has done nothing but make empty promises to pay what it owes.

18. Under the governing discovery schedule, fact discovery does not close until October 28, 2004, and trial is not to begin until February 14, 2005. Accordingly, Plaintiff has ample time

to retain new counsel, should it wish to do so, and to complete discovery and prepare for trial.  For the same reason, neither the other parties nor this Court will be prejudiced by granting the within Motion.

      WHEREFORE, Sprague & Sprague, counsel for Plaintiff, Philadelphia's Church of Our Saviour, respectfully requests that the Court enter an Order granting Movant leave to withdraw as counsel for Plaintiff.

                                          Respectfully submitted,

                                          **SPRAGUE & SPRAGUE**

                                          _____
                                          RICHARD A. SPRAGUE, ESQUIRE
                                          CHARLES J. HARDY, ESQUIRE
                                          STEPHEN R. KURENS, ESQUIRE

                                          135 South 19th Street, Suite 400
                                          Philadelphia, PA 19103
                                          (215) 561-7681
                                          *Attorneys for Plaintiff,*
                                          *Philadelphia's Church of Our Saviour*

DATE:  August 16, 2004

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PHILADELPHIA'S CHURCH OF OUR SAVIOUR, | : | |
| | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 03-1766 |
| v. | : | |
| | : | |
| | : | |
| CONCORD TOWNSHIP, *et al.* | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF COUNSEL FOR PLAINTIFF PHILADELPHIA'S
CHURCH OF OUR SAVIOUR FOR LEAVE TO WITHDRAW**

**I.   INTRODUCTION**

In or about December 2002, Plaintiff retained the services of Movant to pursue a lawsuit against Concord Township ("the Township") and/or its various officials arising from the Township's rejection of the Plaintiff's request for a building permit to construct a temporary sanctuary.

On December 13, 2002, Plaintiff executed a retainer agreement with Movant that set forth the terms and conditions of the attorney-client relationship. The agreement provides, *inter alia*, that Plaintiff agrees to pay each month upon receipt all bills for attorneys' and expenses. The agreement also provides:

> It is agreed that the Church's payment of the fees and/or expenses billed to the Church by the firm is a material term of this agreement, and further that the failure to pay the fees and/or expenses constitutes a breach of this agreement. If at any time during the representation, the Church fails to pay the fees and/or expenses due to the firm within 15 calendar days from the receipt of the bill, the firm shall have at its sole discretion the right to terminate the representation, and the Church agrees that it will not oppose the firm's withdrawal from representation.

Plaintiff has failed to pay Movant's monthly invoices for attorneys' fees and expenses presented to Plaintiff (1) on or about June 15, 2004, for fees and expenses incurred in May 2004, and

(2) on or about July 15, 2004 for fees and expenses incurred in June 2004, notwithstanding Movant's written and verbal requests by Movant to Plaintiff for payment, and written and verbal notification by Movant to Plaintiff of Movant's intention to invoke the above provision and move to withdraw as counsel if payment was not forthcoming.

Further, notwithstanding Plaintiff's representation to Movant on August 2, 2004 that Plaintiff would pay these invoices in full not later than August 13, 2004, Plaintiff failed to pay those invoices by that date, and is currently indebted to Movant and overdue in payment in the amount of $172,637.82. In addition, Movant has incurred additional fees and expenses in this representation in July and August 2004, which fees and expenses have not yet been billed to Plaintiff.

At all times material hereto, Movant has fulfilled the terms and obligations of the agreement with the Plaintiff. Since filing suit against the defendant Township on March 24, 2003, Movant has diligently prosecuted this lawsuit and pursued discovery on Plaintiff's behalf. Movant has both produced and obtained in discovery thousands of pages of documents, taken and defended over a dozen depositions, and retained several expert witnesses.

A copy of this Motion is being duly served upon the Plaintiff *via* hand delivery on August 16, 2004 .

## II.    ARGUMENT

Local Rule 5.1(c) provides that an attorneys' appearance may not be withdrawn except upon leave of court. In this case, the Commonwealth's Rules of Professional Conduct apply with regard to the ethical issues raised by this Motion. *See* Local Rule 83.6, Rule IV.B. ("The Rules of Professional Conduct adopted by this court are the Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania.")

Pennsylvania's Rules of Professional Conduct provide in pertinent part that "a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client," *or*

>  (1) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; or
>
>  (2) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.

Rule of Professional Conduct 1.16(b)(4), (5).

Accordingly, under the Rule provisions cited above, this Court is authorized to grant this motion for leave to withdraw, in that (a) withdrawal can be accomplished without material adverse effect on the interests of the client, (b) the Plaintiff has failed substantially to fulfill an obligation to the undersigned regarding the lawyer's services and has been given reasonable warning that the undersigned will withdraw unless the obligation is fulfilled, and/or (c) the representation will result in an unreasonable financial burden on the Movant or has been rendered unreasonably difficult by Plaintiff. *See, e.g., White Consolidated Industries, Inc. v. Island Kitchens, Inc.*, 884 F.Supp. 176 (E.D. Pa. 1995)(granting petition to withdraw due to client's failure to pay unpaid balance); *Crestar Mortgage Corporation v. Peoples Mortgage Co.*, 1995 WL 695093 (E.D. Pa. Nov. 15, 1995)(same).

The Plaintiff has been on notice for several weeks of Movant's intent to withdraw if Plaintiff's default was not promptly cured, and Plaintiff has done nothing but make empty promises to pay what it owes.

Under the governing discovery schedule, fact discovery does not close until October 28, 2004, and trial is not to begin until February 14, 2005. Accordingly, Plaintiff has ample time to retain new counsel, should it wish to do so, and to complete discovery and prepare for trial. For the

3

same reason, neither the other parties nor this Court will be prejudiced by granting the within Motion.

WHEREFORE, Petitioner, Sprague & Sprague, respectfully requests the Court to enter an Order granting it leave to withdraw as counsel for Plaintiff, Philadelphia's Church of Our Saviour.

Respectfully submitted,

**SPRAGUE & SPRAGUE**

_____
RICHARD A. SPRAGUE, ESQUIRE
CHARLES J. HARDY, ESQUIRE
STEPHEN R. KURENS, ESQUIRE

135 South 19th Street, Suite 400
Philadelphia, PA 19103
(215) 561-7681
*Attorneys for Plaintiff,*
*Philadelphia's Church of Our Saviour*

DATE: August 16, 2004

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA'S CHURCH OF OUR SAVIOUR, | : : | |
| | : | CIVIL ACTION |
| Plaintiff, | : : | NO. 03-1766 |
| v. | : : : | |
| CONCORD TOWNSHIP, *et al.* | : : | |
| Defendants. | : | |

## **O R D E R**

**AND NOW**, this _____ day of _____, 2004, upon consideration of the within Motion For Leave To Withdraw As Counsel For Plaintiff Philadelphia's Church of Our Saviour in the above-referenced matter, it is hereby **ORDERED AND DECREED** that the Motion is **GRANTED**.

Sprague & Sprague shall file a withdrawal of appearance within five days of the date of this Order.

**BY THE COURT:**

_____
                                                                                                **J.**

# CERTIFICATE OF SERVICE

I, Charles J. Hardy, Esquire, certify that a true and correct copy of the foregoing Motion of Counsel for Plaintiff Philadelphia's Church of Our Saviour for Leave to Withdraw With Memorandum of Law in Support Thereof was served upon the following individual(s) on August 16, 2004 in the manner set forth below:

Dr. Frederick A. Drummond
Mr. David Durham
Philadelphia's Church of Our Saviour
700 Baltimore Pike
Concordville, PA 19331
*VIA* HAND DELIVERY

Paola Tripodi Kaczynski, Esquire
Holstein and Associates
One Olive Street
Media, PA 19063

*Attorney for Defendants*
*VIA* FIRST CLASS MAIL

_____
CHARLES J. HARDY

DATE:  August 16, 2004